UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUGH EPPS,<br><br>                Defendant. | Action No. 3:07–CR–420 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss by Hugh Epps, who argues that his right to a speedy trial has been violated. For the reasons stated in this Memorandum Opinion, the Motion will be DENIED.

1.  Background

On November 6, 2007, Epps was charged with Possession with Intent to Distribute Cocaine Base. He was arraigned on November 13, but on January 8, 2008, he was charged in a Superseding Indictment with two additional offenses, Conspiracy to Distribute Cocaine Hydrochloride and Cocaine Base, and Possession of a Firearm by a Convicted Felon. On January 10, Epps was arraigned on that Superseding Indictment.[1] On March 10, sixty days later, Epps' attorney filed a Motion for a Competency Evaluation. The Court granted the Motion, directing the parties to contact the Court to schedule a competency hearing within eleven days after the competency report was filed. The Court continued the

---

[1] He did not waive his right under the Speedy Trial Act to be tried within seventy days.

matter "until that time." See United States v. Epps, 3:07–CR–420, slip op. at 1 (E.D. Va. Mar. 11, 2008).[2]

The examiner found that Epps was competent to be tried, and on May 2 the competency report was filed. But, the parties did not contact the Court to schedule a hearing, apparently because they agreed that Epps was competent.[3] Instead, on about May 20, the parties contacted the Court to schedule a trial date, which was set for June 24 on the Court's calendar. On about June 19, however, the trial was removed from the Court's calendar, apparently as a consequence of the fact that the prosecuting attorney left the United States Attorney's Office, which transferred the case. On about July 9, the parties contacted the Court to schedule a new trial date. They were informed that they needed to

---

[2] Whether "that time" refers to the date that (1) the parties schedule the hearing or (2) the hearing is held is ambiguous. In full, the relevant paragraph of that Order states:
> The Court hereby ORDERS Epps to undergo a psychological evaluation by Evan S. Nelson, Ph.D, at Northern Neck Regional Jail on April 3, 2008, to determine whether Epps is competent to stand trial, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), (c). Within eleven days after Dr. Nelson's report is filed with the Court, the parties are DIRECTED to contact the Court to schedule a hearing on Epps's competency, pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). Until that time, this matter is CONTINUED; the jury trial scheduled for March 17, 2008 is CANCELLED.

Epps, 3:07–CR–420, slip op. at 1. For the purpose of this Motion, the Court will not decide the meaning of "that time."

[3] The parties disagree about the significance of the fact that a competency hearing was not scheduled. Epps contends that a hearing was not scheduled because the United States knew on May 6 that he intended to proceed to trial, a position that it acknowledged in an email of June 17 that refers to "schedul[ing] this matter for trial." Def.'s Mot. to Dismiss Ex. 5. Epps argues that he reiterated that position after the government assigned the case to a different attorney. Def.'s Mot. to Dismiss at 2, 3, 6–7. In contrast, the government argues that, since "[n]either [party] ever asserted that a hearing was unnecessary," the Court has been "operating [on] the assumption" that a competency hearing will be necessary. Gov't's Resp. to Def.'s Notice of Withdrawal of Mot. for a Competency Evaluation at 2, 3 (emphasis added).

schedule a competency hearing.  See Gov't's Resp. to Def.'s Notice of Withdrawal at 3. However, the parties neglected to do so.  They allege that they agreed to try the case on October 6, but currently the matter is not set for trial on the Court's calendar.

On July 11, Epps filed a "Notice Withdrawing Motion for Competency Evaluation," and on August 1 he filed a Motion to Dismiss, arguing that his right to a speedy trial has been violated.  Epps does not claim that the Superseding Indictment was filed in bad faith or deny that it charges him with offenses that are independent of those contained in the original indictment.  Thus, conceding implicitly that the Speedy Trial Act period started after the Superseding Indictment was filed, and acknowledging that the time for trying him stopped while he was evaluated and the Court reviewed the competency report, Epps contends that the Speedy Trial Act period expired either on about June 1 or in mid-June. First, Epps argues that the time for trying him began to run again on May 20, when the parties contacted the Court to schedule a trial date, thereby notifying the Court that Epps did not intend to challenge his competency.  Alternatively, Epps argues, since the Speedy Trial Act provides that the time for trying a defendant may be extended by as many as thirty days while a court takes matter under advisement, the Speedy Trial Act period began to run on about June 1, thirty days after the competency report was filed with the Court. Regardless of whether the time for trying him began to run again in late May or early June, Epps claims that after the passage of the eight days that were left in the Speedy Trial Act period, his right to a speedy trial was violated.

The United States responds that, since a competency hearing was never scheduled, as the Court's Order of March 11 directed, the Motion for a Competency Evaluation is currently continued, tolling the Speedy Trial Act period.

2.  Discussion

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. Clarifying that right, the Speedy Trial Act provides that a defendant must be tried within seventy days after he is indicted or initially appears, whichever date is later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act establishes an arbitrary deadline, one that (in contrast to the rights protected by the Sixth Amendment and the Due Process Clause of the Fifth Amendment) is not flexible. United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982).

  A.  Exceptions to that rule

However, if a defendant is indicted on a superseding indictment, a new seventy-day period begins. United States v. Lesczynski, 86 F. App'x 551, at *3 (4th Cir. 2004) (unpublished) (rejecting a Speedy Trial Act claim on the ground that the time for trying a defendant starts over if a superseding indictment adds a new charge and is filed in good faith); see United States v. Lattany, 982 F.2d 866, 872 n.7 (3d Cir. 1992) (ruling that the Speedy Trial Act period starts over if a "supplemental indictment" is filed, unless it merely charges the defendant with the same offense(s) that the original indictment charged or adds one that was "required to be joined therewith").

And, any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" is excluded from the time within which a defendant must be brought to trial. 18 U.S.C. § 3161(h)(1)(A); see United States v. Karoly, 924 F.2d 1053, at *1 (4th Cir. 1991) (unpublished table opinion) (ruling that § 3161(h)(1)(A) applies to "the time [that] it takes [a psychiatric] examiner to evaluate and report on his findings," and citing a decision by another court of appeals excluding the period from the filing of a motion for a competency evaluation to the time that the court was notified that the evaluation was complete).

While the Fourth Circuit has not decided whether an indefinite continuance may be granted under § 3161(h)(1)(A), other courts of appeals have answered that question affirmatively with respect to a continuance granted to serve the ends of justice under § 3161(h)(8). See, e.g., United States v. Rush, 738 F.2d 497, 508 (1st Cir. 1984) (ruling that an indefinite continuance may be granted, provided that its length is reasonable); Lattany, 982 F.2d at 876 n.14, 881 (holding that the Speedy Trial Act permits a court to grant an "open-ended" continuance, provided that it does not continue for an unreasonably long period, but cautioning that doing so is a bad idea). Contra, e.g., United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990) (ruling that the length of a continuance under § 3161(h)(8) must be specified). Thus, the Third Circuit found that an order continuing a case until the defendant's attorney notified the court that she was ready for trial tolled the Speedy Trial Act period for more than one year, even though the attorney never notified the court that she was ready for trial, ultimately withdrawing from the case. Lattany, 982

F.2d at 875–883. And, several districts have adopted speedy trial plans that permit courts to grant continuances for "a period to be determined by reference to an event [that is] not within the control of the government" but require a party "to inform the court promptly when and if the circumstances that justify the continuance no longer exist." Id. at 881 (referring to plans adopted by the District of Maine and the Eastern District of Pennsylvania).[4] These precedents suggest that a continuance granted so that a defendant may undergo a competency evaluation may be indefinite.

Next, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. Id. § 3161(h)(1)(F). Section 3161(h)(1)(F) does not limit the days that may be excluded to those that are reasonably necessary to resolve a motion. Henderson v. United States, 476 U.S. 321, 326–30 (1986); United States v. Velasquez, 802 F.2d 104, 105 (4th Cir. 1986).[5] Moreover, a delay that occurs while a motion is pending is excluded, even if it was not directly caused by the filing or resolution of the motion. Velasquez, 802 F.2d at 105 (noting that Henderson entails that "all time between the filing of a motion and the conclusion of the hearing on that motion" is excluded).

---

[4] But, as the Lattany court noted, a defendant is not primarily responsible for notifying a court of Speedy Trial Act deadlines. 982 F.2d at 882.

[5] Other courts of appeals have ruled, however, that if a defendant shows that he attempted unsuccessfully to obtain a hearing on a pre-trial motion, the Speedy Trial Act period may continue to run while the motion is pending. See Lattany, 982 F.2d at 874; United States v. Gonzales, 897 F.2d 1312, 1315–16 (5th Cir. 1990).

Finally, any "delay <u>reasonably</u> attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded. 18 U.S.C. § 3161(h)(1)(J) (emphasis added).

On the other hand, a change to a court's calendar that does not involve action by a judge does not affect the Speedy Trial Act period. <u>Lattany</u>, 982 F.2d at 873 n.8, 878 (adding that a decision by a court clerk to schedule a trial date cannot be construed as an order granting a continuance).

If a defendant is not tried within the time prescribed by the Speedy Trial Act, the indictment against him "shall be dismissed on motion of the defendant," provided that the defendant moves for dismissal before pleading guilty or proceeding to trial. 18 U.S.C. § 3162(a)(2). Whether the indictment should be dismissed with or without prejudice depends on "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." <u>Id.</u>

B.     <u>Application to this case</u>

From January 8, the date that the Superseding Indictment was issued, to March 10, the date that Epps' counsel filed the Motion for a Competency Hearing, 62 days elapsed. The two days during which the Court evaluated the Motion are excluded from the Speedy Trial Act period under § 3161(h)(1)(F), and the days during which Epps was evaluated are excluded under § 3161(h)(1)(A). The evaluation period ended when the examiner filed the competency report. See <u>Karoly</u>, 924 F.2d at *1. Thus, the earliest day on which the

Speedy Trial Act period could have started to run again was May 2, when the competency report was filed with the Court.[6]

Under § 3161(h)(1)(F), however, the period from the filing of Epps' Motion for a Competency Hearing "through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. Although § 3161(h)(1)(F) provides only that a delay resulting from a "prompt" disposition of a motion may be excluded, the Fourth Circuit has ruled that section § 3161(h)(1)(F) does not limit the days that are excluded to those that are reasonably necessary to resolve a motion. Henderson, 476 U.S. at 326–30; Velasquez, 802 F.2d at 105.

On July 11, Epps filed a "Notice Withdrawing Motion for Competency Evaluation." However, in this Court a party may not withdraw a motion after it is filed without the Court's consent, a principle adopted by other courts. See, e.g., Cross v. Stafford Hospitality, Inc., 2008 WL 2817096, at *1 (M.D. Ga. July 18, 2008) (regarding a "Notice of Withdrawal" as a motion to withdraw a filing, not an action that effectively withdrew the

---

[6] Under § 3161(h)(1)(J), as many as thirty days after that report was filed may be excluded if the matter was "actually under advisement" by the Court and the delay in trying Epps can reasonably be attributed to that fact. According to the Court's docket, the Court did not take any action with respect to this case between May 2, when it received the competency report, and July 3 (when the United States's new attorney appeared). Nor did the Court subsequently decide whether Epps is competent. Thus, interpreting § 3161(h)(1)(J) straightforwardly, it is implausible that the question was "actually under advisement" during May. In a similar context, another court of appeals ruled that "the question of competency could be considered to have been under advisement" during the thirty days following the filing of a competency report, excluding that period from the Speedy Trial Act period – implying that time may be excluded even if the matter was not actually under advisement by a court. See United States v. Jones, 23 F.3d 1307, 1310 (8th Cir. 1994). However, based on the facts of this case, the Court declines to regard the matter as having been under advisement. Thus, § 3161(h)(1)(J) does not toll the Speedy Trial Act period in this case.

filing). Thus, the Motion was not withdrawn. Nor did the Notice ask the Court to take any action, and consequently the Court did not modify its Order of March 11 directing the parties to schedule a competency hearing in light of the Notice. Since the Notice did not affect the status of the Motion, it did not trigger the Speedy Trial Act clock.

Moreover, even if a notice of withdrawal could affect the status of a motion in this Court in other circumstances, the statute governing competency proceedings provides that, if "a motion for a hearing to determine the mental competency of the defendant" is filed, "[t]he hearing <u>shall be conducted</u> pursuant to the provisions of section 4247(d)." 18 U.S.C. § 4241(a), (c) (emphasis added). The statute does not explicitly authorize a court to order a psychological evaluation without holding a hearing. Nearly sixty years ago, applying a prior (but similar) version of that statute, the Fourth Circuit found that it was not necessary to hold a competency hearing for a defendant after two psychiatrists found that he was competent to be tried. <u>Markham v. United States</u>, 184 F.2d 512, 513 (4th Cir. 1950) (per curiam).[7] The <u>Markham</u> court observed that the district judge asked the defendant's attorney whether he wanted to schedule a hearing before ruling that the defendant was competent. <u>Id.</u> But, recently the Fourth Circuit stated that § 4241(a) "<u>requires</u> a court to conduct a competency hearing" if there are grounds for believing that the defendant is incompetent. <u>United States v. Baldovinos</u>, 434 F.3d 233, 236 n.1 (4th Cir. 2006)

---

[7] Other courts of appeals have ruled that, if a competency report indicates that a defendant is competent to be tried, a district court may in its discretion forgo holding a competency hearing. <u>See, e.g.</u>, <u>United States v. Jones</u>, 23 F.3d 1307, 1309 (8th Cir. 1994). But, the <u>Jones</u> court decided that, even if a hearing is not held, "a subsequent judicial declaration of competency is necessary." <u>Id.</u> at 1310.

(emphasis added); see United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995) (stating that, if there are reasonable grounds for believing that a defendant is suffering from a mental disease or defect that prevent him from understanding the nature and consequences of the proceedings against him, "a competency hearing should be held") (emphasis added).

Thus, under Mason and Baldovinos, the Court must hold a hearing to determine whether Epps is competent before this matter can proceed. Even if the Court were to adopt the position taken by the Markham court, it would have to rule on the issue of whether Epps is competent.[8] Although Epps provides some evidence – in the form of email messages between his attorney and the government – that the parties agreed that Epps was competent, the Court has never decided that question. Thus, as of today, the Motion for a Competency Evaluation is pending, and under § 3161(h)(1)(F) the Speedy Trial Act period has not yet begun to run again.

3. Conclusion

Since (1) fewer than seventy days elapsed before Epps filed the Motion for a Competency Evaluation; (2) the Speedy Trial Act period was tolled by the filing of the Motion; and (3) the Motion is currently pending, the time for trying Epps has not expired. Thus, his Motion to Dismiss will be DENIED.

It will be SO ORDERED.

---

[8] In addition, as the government contends, allowing Epps to proceed to trial without formally ruling that he is competent would give him the opportunity to challenge any conviction that results on the ground that his attorney failed to follow the process established in § 4241. As the competency examiner found that Epps is "opportunistic" and "manipulative," suggesting that the risk of a challenge of that type is significant, the Court declines to proceed without formally ruling on Epps' competency.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  28th   day of August 2008