UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

HUGH EPPS,

Petitioner.

Criminal Action No. 3:07-CR-420–JRS
Civil Action No. 3:11-CV-315-JRS

**MEMORANDUM OPINION**
**(Dismissing Successive 28 U.S.C. § 2255 Motion)**

THIS MATTER is before the Court on a Motion for a Sentence Reduction (ECF No. 131) by Defendant Hugh Epps, who seeks relief under 18 U.S.C. § 3582(c)(1). On January 7, 2009, the Court sentenced Epps to 210 months' imprisonment for possession with intent to distribute more than 5 grams of cocaine base and 240 months' imprisonment for conspiracy to distribute 5 grams or more of cocaine hydrochloride and more than 50 grams of cocaine base, to be served concurrently. By Order entered on July 14, 2011, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF No. 107). By Order entered on November 7, 2013, the Court denied a successive 28 U.S.C. § 2255 motion filed by Petitioner.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive

labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Epps brings this successive Motion for a Sentence Reduction alleging that he was inappropriately convicted of a crime under 21 U.S.C. § 851. Petitioner's Motion, however, continues to challenge his underlying sentence and, thus, falls within the ambit of 28 U.S.C. § 2255(a).[1] Therefore, Petitioner's Motion, (ECF No. 131), will be treated as a successive § 2255 motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Petitioner fails to satisfy this standard, a certificate of appealability will be denied.

---

[1] For example, Petitioner suggests this Court failed by allowing the Government to seek a sentence enhancement under § 851. (Pet'r's Mot. 2).

Let the Clerk send a copy of this Memorandum Opinion to the United States Probation Office, Richmond Division; the United States Attorney's Office; any counsel of record; and to Defendant.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ____29th_____day of May 2014.